UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2012 SEP 24 PM 2:39

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

---------------------------------------------------------------- x

CHARLES SPROWAL,

                      Plaintiff,

        -against-

Detective TIMOTHY ERWIG, Shield No. 2533;
Sergeant EDWARD FACKLER, Shield No. 784,
and Police Officers JOHN and JANE DOES 1
through 10, individually and in their official
capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                      Defendants.

---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

CV 12-4774

KORMAN, J.

LEVY, M.J.

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Charles Sprowal ("plaintiff" or "Mr. Sprowal") is a resident of Kings County in the City and State of New York.

7. Defendant Timothy Erwig, Shield No. 2533 ("Erwig"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Erwig is sued in his individual and official capacities.

8. Defendant Edward Fackler, Shield No. 3782 ("Fackler"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fackler is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 6:30 p.m. on November 4, 2011, plaintiff was lawfully leaving his home at 281 Quincy Street in Brooklyn, New York.

13. In the vestibule of his building and in front of plaintiff's apartment, defendant officers, in plain clothes, unlawfully stopped plaintiff and asked him why he was there.

14. Plaintiff responded that he lived there.

15. Suddenly, defendants grabbed plaintiff, unlawfully searched him and then began to beat and choke him.

16. While defendants assaulted and battered plaintiff, defendant officers unlawfully entered his home and began illegally searching it.

17. Defendants threw plaintiff against a wall and continued to beat and choke him.

18. Defendants pressed plaintiff's face against a wall, causing plaintiff, who suffers from asthma and emphysema, to lose his breath and begin wheezing.

19. Plaintiff could not breath during the beating.

20. Defendants continued to beat him notwithstanding plaintiff's cries for help that he could not breathe.

21. Plaintiff was eventually taken to a police precinct.

22. Upon arriving at the precinct, plaintiff could not breathe.

23.  Plaintiff was taken to Interfaith Hospital where he remained for approximately five days as a result of the injuries he suffered at the hands of defendants.

24.  Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, pain, significant bodily injury and anxiety.

## FIRST CLAIM
### Unlawful Stop and Search

25.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26.  Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### Unreasonable Force

28.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.  The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Failure to Intervene

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

33. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   September 24, 2012
         New York, New York

                                    HARVIS WRIGHT
                                    SALEEM & FETT LLP

                                    _____
                                    Gabriel Harvis
                                    305 Broadway, 14th Floor
                                    New York, New York 10007
                                    (212) 323-6880
                                    gharvis@hwsflegal.com

                                    *Attorney for plaintiff*